UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES GRAVES, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 4:16-CV-1831 NAB |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying James Graves' application for supplemental security income under the Social Security Act, 42 U.S.C. § 416 *et seq.* Graves alleged disability due to a seizure disorder. (Tr. 205.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcripts and the medical evidence. The Court heard oral argument in this matter on February 8, 2018. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

**I.     Issue for Review**

Graves presents one issue for review. He asserts that the residual functional capacity ("RFC") determination presented in the administrative law judge's ("ALJ") opinion is not supported by substantial evidence in the record as a whole. The Commissioner asserts that the

ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II.  Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;

> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

Graves asserts that the ALJ's decision should be reversed, because there is no RFC by an acceptable medical source and the only medical evidence in the file is from his neurologist and the emergency room. Further, Graves states that the evidence in the record is consistent with his testimony and the ALJ erred by stating that his activities of daily living do not support his claim of a disabling condition.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

3

ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907.

Graves' alleged onset date is January 22, 2014. Graves' treating neurologist is Dr. Bingzhoung Chen. Dr. Chen treated Graves between October 2013 and April 2015. (Tr. 582-606, 616-694.) Dr. Chen diagnosed Graves with seizure disorder, consistent with complex seizure with secondary generalization, and history of alcohol abuse. Dr. Chen's treatment notes indicate that Graves had normal physical examinations and laboratory tests. (Tr. 582-606, 616-94.) Dr. Chen did not complete a medical opinion regarding Graves. Graves visited the emergency room during the relevant time period for seizure activity in June 2014 and December 2014. (Tr. 607-15, 695-99.) At the June 2014 visit, he informed hospital personnel that he had not taken his seizure medication due to financial issues. (Tr. 610.) During the December 2014 visit to the ER, Graves stated that he was at work and laying flooring when the seizure occurred. (Tr. 695, 697.) At the time of the seizure he had not missed any medication or had any recent illnesses. (Tr. 695.)

The ALJ found that Graves had the severe impairment of minor motor seizures[2]. (Tr. 14.) He further opined that Graves had the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: never climb ladders, ropes, or scaffolds and avoid all exposure to unprotected heights and hazardous machinery. (Tr. 14.) The ALJ also found that Graves' activities of daily living are not consistent with someone who is disabled. (Tr. 16.)

Based on a careful review of the record, the Court finds that the ALJ's RFC determination is supported by substantial evidence for the following reasons. First, the ALJ is

---

[2] Minor motor seizure or myoclonic seizure is a "seizure characterized by a brief episode of myoclonus" (shock like contractions of a portion of a muscle or muscle group), "with immediate recovery and often without loss of consciousness." *Dorland's Illustrated Medical Dictionary* 1222, 1688 (32nd ed. 2012).

not required to have a medical opinion that exactly matches the RFC determination. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). There is no requirement, however, that a RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same). "In the absence of medical opinion evidence, medical records prepared by the most relevant treating physicians can provide affirmative medical evidence supporting the ALJ's residual functional capacity findings." *Hensley*, 829 F.3d at 932 (citing *Johnson v. Astrue*, 628 F.3d 991, 995 (8th Cir. 2001)). If the medical record is adequately developed, the ALJ is not required to seek additional information or order a consultative examination. *Hensley*, 829 F.3d at 932 (citing *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 372-73 (8th Cir. 2016)).

In this case, Graves has not suggested what additional information is necessary or available for the ALJ to considering in evaluating his RFC. Graves does not allege that there is other medical evidence that has not been disclosed or considered. Dr. Chen's treatment records are clear and straightforward. The emergency room records are uncomplicated, as well. These medical records indicate that Graves does not have any physical or mental limitations outside of his seizure disorder. His activities of daily living are normal. Therefore, the ALJ's determination that Graves has no exertional limitations is supported by medical evidence in the record. The non-exertional limitations in the RFC determination involve limitations typically given to individuals who experience seizure activity. The medical evidence in the record supports the ALJ's RFC determination.

Second, the ALJ did not err in his credibility determination regarding Graves' activities of daily living. The parties agree that the medical evidence indicates that Graves' seizure disorder is well controlled on medication. The record also indicates that Graves has myoclonic twitches. But, the evidence in the record as a whole does not support Graves' contention that the myoclonic twitches are disabling. "[The] burden and persuasion to prove disability and to demonstrate RFC remains on the [claimant]." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). Graves has not met his burden to show that his condition is disabling, therefore, the Court will affirm the Commissioner's final decision.

## IV. Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable person would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). A review of the record as a whole demonstrates that Graves has some restrictions in his functioning and ability to perform work related activities during the relevant time period, however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 18.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 8th day of February, 2018.

                                                     /s/ Nannette A. Baker
                                                 NANNETTE A. BAKER
                                                 UNITED STATES MAGISTRATE JUDGE